DAVIS W. SHULER, RESPONDENT, *v.* MARGARET L. MAXWELL AND OTHERS, APPELLANTS.

*Appeal — it cannot be taken by a new attorney without substitution — a party not interested cannot object to the manner of conducting a judicial sale.*

In this action, brought to foreclose a mortgage executed by the defendant Margaret Maxwell, she appeared and answered by an attorney, Mr. G. B. White. After a judgment of foreclosure had been entered, and two days before the sale was completed, there was served upon the plaintiffs' attorney a notice of appeal from the judgment, with an undertaking to stay proceedings thereon, signed by Ed. J. Maxwell, as attorney for Margaret Maxwell. The notice was at once returned with an indorsement declining to recognize him as attorney for the said defendant, and on the day appointed the sale was completed.

*Held,* that as the appeal could not be taken by the new attorney until he had been properly substituted in the place of the former attorney, the service of the notice was ineffectual to stay the proceedings and a motion to vacate the sale was properly denied.

The motion to set aside the sale was made upon the further ground that the premises were not sold in parcels.

*Held,* that as it appeared that the appellant was not the owner of the premises, and that there was no deficiency, she could not raise the objection.

APPEAL from an order, made at a Special Term, refusing to set aside a sale of premises under a decree of foreclosure.

The motion was made upon the grounds, among others, that the mortgaged premises were not sold in separate parcels, and that an appeal was pending at the time it was held, by which the proceedings in said action were stayed. Final judgment was entered in the

action April 7, 1885. The premises were advertised for sale on the 27th day of May, 1885. On the twenty-seventh day of May the premises appear to have been sold to Elizabeth Maxwell, she paying ten per cent of the amount bid, and the sale was then adjourned to the twelfth of June, the fifteen days within which the sale was to be completed expiring on June eleventh. On June twelfth the referee stated that he was ready to deliver a deed of the premises to the former purchaser on her paying the balance of the purchase-money. No response being made to this announcement, the premises were then put up for sale again and sold to James A. Miller.

On June tenth, the plaintiff's attorney was served with a notice of appeal from the judgment, accompanied with an undertaking to stay proceedings pending the appeal, which notice was signed by Ed. J. Maxwell, as attorney for Margaret Maxwell. Margaret Maxwell had theretofore appeared generally in the action by Geo. B. White, and answered by the same attorney. The plaintiff's attorney at once returned the notice of appeal, with an indorsement declining to recognize Ed. J. Maxwell as attorney for Margaret Maxwell, until he had been regularly substituted. The sale took place on the adjourned day, and James A. Miller became the purchaser. The purchaser paid the amount of his bid and received the referee's deed. The referee made his report and the sale was confirmed.

The motion to vacate the sale was made in behalf of Margaret Maxwell, who appeals.

*Ed. J. Maxwell* and *Ed. P. White*, for the appellants.

*M. L. Stover*, for the respondent.

LEARNED, P. J.:

One important question is whether an appeal from a judgment can be taken by a new attorney without substitution. Sections 1300 and 1302 of the Code of Civil Procedure show that the notice of appeal from a judgment is to be served upon the attorney for the adverse party if he is living. Therefore it follows that the power of the attorney to receive a notice of appeal extends beyond the judgment. By analogy the power to serve a notice of appeal should extend in like manner. And if the power to serve a

notice of appeal does extend beyond the judgment by virtue of the previous retainer, then it follows that another attorney cannot serve the notice until he has been substituted.

To this same effect is rule 4 of the Court of Appeals. Although that is a different court from the court from which an appeal is taken, yet that rule says that, the attorneys and guardians *ad litem* of the respective parties, shall be deemed the attorneys and guardians in that court until others are appointed and notice thereof given. That rule, therefore, declares that on appeal to that court from another court the power of the attorneys continues, although judgment below has been entered. So that, if the present were an attempted appeal to that court, the appeal would not be well taken. Certainly the principle is stronger when the appeal is to the General Term of the Supreme Court. The action is there pending in the same court, and its rule 10 would apply.

The old writ of error was the beginning of a new action, often with a change in the position of the parties. An appeal is not, although in some earlier cases the old views seem to have continued in the language of the opinions.

The point discussed is decided in favor of the plaintiff's views by Justice HARDIN in *Miller* v. *Shall* (67 Barb., 447). The same view is incidentally stated by the court in *Fry* v. *Bennett* (7 Abb., 352 at page 355), as well as by Judge HOFFMAN at page 362. It is favored by the opinion in *Bathgate* v. *Haskin* (59 N. Y., 535).

In *Parker* v. *Williamsburgh* (13 How., 250) service of notice of judgment on the defendant's attorney was held good, although his official term had expired, his successor not having caused himself to be substituted. The case of *Lusk* v. *Hastings* (1 Hill, 656) when examined carefully, shows that on a motion to set aside proceedings the court held that the authority of the attorney for the defendant continued long after judgment against him.

We have examined all the cases referred to by defendant's counsel and we find none which really affect this case in the points decided.

In this action of foreclosure especially the duty of the defendant's attorney plainly continues after judgment. Often one of the important acts is to see that the property is sold in a legal matter and for a good price. The sale is to be confirmed on notice to the

defendant's attorney, who may have occasion to oppose such confirmation or to ask for a resale.

We may take notice of the fact that of litigated actions few stop with the first trial. Appeals are taken in a large number, and those appeals are taken by the attorneys who have conducted the previous proceedings. And the convenient and orderly disposition of business favors the view that, if another attorney is to be employed, a regular substitution should be had.

The defendant in this case was promptly notified of the defect of her notice. She might very possibly have had an amendment or have served a new notice. But she did not. The time when the notice was served gives some force to the plaintiff's claim that it was not in good faith. But we do not pass on that. Nor do we decide whether or not the defendant may still amend the notice by leave. The only question is whether the Special Term should have set aside the sale.

The judgment in this case is stated to have been entered by the consent of all the defendants. Perhaps a valid appeal may be taken from such judgment, and may be in force until dismissed. But the appellant does not stand in a strong position when she uses such an appeal as a ground to set aside a sale.

Another ground of the motion is that the sale was not in parcels. It appears that Margaret L. Maxwell, the appellant here, is not the owner of the premises, and that her liability is only for a deficiency if any should arise. It appears by the affidavits that there is no deficiency, and the appellant's counsel asserts nothing to the contrary. She therefore has no interest in the sale and is not affected even if the property did not bring as much as it might have done. Those who are interested do not complain.

We are of opinion that the motion was properly denied.

Order affirmed, with ten dollars costs.

LANDON, J., concurred.

Present — LEARNED, P. J., and LANDON, J.

Order affirmed, with ten dollars costs and printing disbursements.